

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DAVID FERRARI**
*Assistant Corporation Counsel*
Phone: (212) 356-5058
Fax: (212) 356-3509
dferrari@law.nyc.gov

February 17, 2017

**VIA ECF**
Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: Matthew Whittington v. City of New York, et al.
       16-CV-1152 (AJN)(BCM)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and am assigned to represent defendants City of New York, Commissioner Joseph Ponte, and Chief Hazel Jennings (hereinafter referred to collectively as "Defendants") in the above-referenced matter. I write to respectfully request that the Court extend discovery from February 28, 2017, to and including 90-days from the date of plaintiff's compliance with the Court's Order dated January 17, 2017. This is Defendants' second request for an enlargement of discovery in this action. Because plaintiff is incarcerated and proceeding *pro se*, the undersigned was unable to obtain his consent to this application.

  By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that he suffered a number constitutional deprivations while in the custody of the New York City Department of Correction ("DOC"). See generally, Legible Version of the Second Amended Complaint, at Civil Docket Report, Document No. 44. On September 23, 2016, plaintiff filed the Second Amended Complaint in this matter. See generally, Second Amended Complaint, at Civil Docket Report, Document No. 31. On October 11, 2016, in lieu of answering the Second Amended Complaint, Defendants filed a motion for a more definite statement of the pleadings pursuant to Federal Rule of Civil Procedure 12(e). See Defendants' Motion for a More Definite Statement, at Civil Docket Report, Document No. 34. By Order dated October 12, 2016, the Court, prior to ruling on Defendants' Motion for a More Definite Statement, directed plaintiff to, *inter alia*, file a legible version of the Second Amended

Complaint.  See Civil Docket Report, Document No. 35.  On November 22, 2016, plaintiff filed his "Legible Version of the Second Amended Complaint."  See Legible Version of the Second Amended Complaint.  Thereafter, pursuant to the Court's Scheduling Order in the instant matter dated July 19, 2016, on November 23, 2016, Defendants filed a Discovery Status Report wherein they, *inter alia*, requested an enlargement of discovery in the instant matter.  See Civil Docket Report, Document No. 42.  The following day, Defendants filed a request for an enlargement of time to renew their 12(e) motion with respect to plaintiff's Legible Version of the Second Amended Complaint, on the grounds that this latest version of the pleadings still did not sufficiently clarify plaintiff's claims.  See Civil Docket Report, Document No. 43.  By Order dated December 12, 2016, the Court, *inter alia*: (1) denied Defendants' application to renew their 12(e) motion; (2) extended the discovery deadline in this matter to February 28, 2017; (3) clarified the bases of plaintiff's claims as set forth in his Legible Version of the Second Amended Complaint; and, (4) issued a *Valentin* Order, directing the undersigned's Office to identify several unidentified individuals plaintiff purports to name in the current operative pleading.  See Civil Docket Report, Document No. 44.

On January 12, 2017, this Office filed Defendants' Answer to the Legible Version of the Second Amended Complaint and, additionally, filed a letter in response to the Court's *Valentin* Order.  See Civil Docket Report, Document Nos. 47, 48.  In its response to the Court's *Valentin* Order, this Office identified several of the unknown individuals plaintiff seeks to name and requested that the Court compel plaintiff to provide additional identifying information about the remaining individuals this Office could not identify, despite diligent efforts.  See Civil Docket Report, Document No. 48.  By Order dated January 17, 2017, the Court granted this Office's request, directing, *inter alia*, plaintiff to provide this Office with the requested additional identifying information on or before February 28, 2017.  See Civil Docket Report, Document No. 49.  As of the date of this writing, this Office has not received any further identifying information from plaintiff.

      While there has been some discovery conducted in this action, there have also been a vast number of newly-asserted allegations and claims against a number of purported defendants – several of which remain unidentified and many of whom remain unserved. Without the anticipated additional identifying information pertaining to these potential defendants, Defendants stand to suffer substantial prejudice in the event this matter proceeds without an extension of discovery. Moreover, because many of these individuals are unidentified, no decisions have been made with regards to their representation. Although this request is not made on behalf of any unidentified defendants, should this Office, for any reason, be unable to represent those individuals pursuant to Gen. Mun. Law § 50-k, those individuals would need to seek counsel, etc., and would suffer substantial prejudice should discovery close at this time. Accordingly, Defendants respectfully request that the Court extend discovery from February 28, 2017, to and including 90-days from the date of plaintiff's compliance with the Court's Order dated January 17, 2017.

      Thank you for your consideration herein.

      Respectfully submitted,

      /s/

David Ferrari
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Matthew Whittington
    *Plaintiff Pro Se*
    DIN# 16A3557
    Attica Correctional Facility
    PO Box# 149
    Attica, New York 14011
    (*via first-class mail*)