

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Matthew Whittington,

              Plaintiff,

–v–

Commissioner Joseph Ponte, et al.,

              Defendants.

16-cv-1152 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is the *pro se* Plaintiff's motion to reopen his case. Dkt. No. 186. For the following reasons, the Court DENIES the Plaintiff's request.

### I. BACKGROUND

On May 27, 2020, the Court granted Defendants' motion for summary judgment, Dkt. No. 181, which the Plaintiff had opposed, Dkt. No. 172. Judgment was accordingly entered, and the case closed on May 28, 2020. Dkt. No. 182. A copy of the opinion was mailed to the Plaintiff that same day; however, it was subsequently returned. Efforts were made to determine Plaintiff's updated address. *See* Dkt. Nos. 183, 184. This Court's decision and order was successfully served via mail on the Plaintiff on July 9, 2020. Dkt. No. 185.

On September 30, 2020, the Court received the *pro se* Plaintiff's letter requesting that the Court reopen his case. Dkt. No. 186. The Court ordered Defendants to respond, which they filed on October 13, 2020. Dkt. No. 188.

### II. DISCUSSION

In his letter, Plaintiff requests that the Court "reopen" his case on the basis that he was transferred multiple times during his incarceration and did not receive notice of this Court's

judgment. Dkt. No. 186. This deprived him of being able to "continue [his] legal obligations." *Id.* The Court liberally construes Plaintiff's request to seek three possible forms of relief: (1) a motion for reconsideration of this Court's May 27, 2020, Opinion and Order; (2) a motion to be relieved from the final judgment; or (3) a motion for an extension to file an appeal. The Court DENIES each of these requests.

First, construing the Plaintiff's letter as a motion for reconsideration of this Court's May 27, 2020, Opinion and Order, the Court denies the Plaintiff's request for the reasons stated in the Defendants' letter. *See* Dkt. No. 188. Plaintiff's motion does not "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Even if the Court were to construe Plaintiff's letter as seeking an extension to file a motion for reconsideration, the request is untimely. Pursuant to Rule 6.3 of the Local Civil Rules for the Southern and Eastern Districts of New York, a motion for reconsideration or reargument must be served within fourteen days after the entry of the Court's determination of the original motion.

Second, construing the Plaintiff's letter as a motion to be relieved from the final judgment, the Court denies the Plaintiff's request. Rule 60 provides that a court may relieve a party from a final judgment, order or proceeding due to, among other things, "(1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Even if the Plaintiff establishes "excusable neglect," he must still show that he possesses a meritorious claim before prevailing on a Rule 60 motion. *See Alvarado v. Manhattan Worker Career Ctr.*, No. 01 Civ. 9288 (CBM), 2003 WL 22462032, at *4 (S.D.N.Y Oct. 30, 2003). For the reasons stated in the Court's May 27, 2020, Opinion and Order granting Defendants' motion for summary judgment,

Plaintiff cannot show that he possesses a meritorious claim.

Finally, construing the Plaintiff's letter as a request for an extension to file an appeal, the Court must also deny the request. Federal Rule of Appellate Procedure 4(a)(1)(A) requires an appeal to be noticed within 30 days after entry of the judgment or order appealed from. "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A); *see also Hernandez v. Kirby Forensic Psychiatric Hosp.*, No. 14-CV-5910 (AJN), 2019 WL 6883884, at *1 (S.D.N.Y. Dec. 4, 2019). Accordingly, a party must seek an extension within 60 days. Plaintiff was served with the Court's decision on July 9, 2020. Even assuming delays in mailing the decision, Plaintiff's letter was postmarked September 28, 2020. *See* Dkt. No. 186 at 2. Accordingly, a request for an extension to notice an appeal is untimely.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's request to "reopen" the case is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and to note that mailing on the public docket.

SO ORDERED.

Dated: March 28, 2022
      New York, New York

_____
ALISON J. NATHAN
United States District Judge